**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

| | | |
|---|---|---|
| NELSON JULIAN SALCEDO DURAN, | ) | |
| | ) | |
| Petitioner/Appellant, | ) | |
| | ) | |
| v. | ) | Appeal No. 26-2608 |
| | ) | |
| JIM ARNOTT, *et al*., | ) | |
| | ) | |
| Respondents/Appellees. | ) | |

# MOTION OF THE FEDERAL GOVERNMENT APPELLEES TO DISMISS APPEAL FOR MOOTNESS

Pursuant to FED. R. APP. P. 27(a), appellees Markwayne Mullin, in his official capacity as Secretary of the Department of Homeland Security, the Field Office Director, Enforcement and Removal Operations, Chicago Field Office, U.S. Immigration and Customs Enforcement, and Todd Blanche, in his official capacity as Attorney General (collectively referenced as the "Federal Government Appellees"), move the Court for an order dismissing this appeal based on mootness depriving the Court of a case or controversy under the United States Constitution. In support, the Federal Government Appellees state:

1. In the underlying case before the district court, Nelson Julian Salcedo Duran ("Salcedo Duran"), appellant herein and petitioner below, sought a writ of habeas corpus to obtain his immediate release from the custody of U.S. Immigration and Customs Enforcement ("ICE") or a bond hearing.

2. Salcedo Duran's detention was based on his status as a noncitizen and his presence in the United States without any legal authorization under federal immigration law.

3. At issue before the district court and in this appeal was the question of whether Salcedo Duran's ongoing detention with a bond hearing violated due process.

4. On July 31, 2026, the district court[1] – in an unreported decision -- denied any relief to Salcedo Duran, finding that his detention without a bond hearing violated neither the Immigration and Nationality Act ("INA") nor due process.

5. On August 11, 2026, Salcedo Duran timely filed a notice of appeal to this Court.

6. At the time Salcedo Duran was taken into custody and detained by ICE, he had a pending application for relief from removal pending before the Immigration Court.

7. On September 16, 2026, after this appeal was initiated, an immigration judge, the Honorable Zachary McFarland ("the IJ"), conducted a hearing in the removal proceedings for Salcedo Duran.

---

[1] The Honorable Megan Blair Benton, United States District Judge, United States District Court for the Western District of Missouri.

8. At the conclusion of the hearing, the IJ granted Salcedo Duran's application for relief from removal.

9. Neither party is appealing the IJ's decision and Salcedo Duran has been released from detention and his removal proceedings closed.

10. It is axiomatic that Article III of the Constitution limits jurisdiction of federal courts to "cases" or "controversies." U.S. CONST. art. III, § 2. And a case or controversy must exist throughout the litigation. *Hunter v. Page Cnty., Iowa*, 102 F.4th 853, 863 (8th Cir. 2024) ("At all stages of litigation, including throughout any appeals, a live case or controversy must exist between the parties.").

11. With the granting of Salcedo Duran's application for an immigration benefit, his subsequent release from detention, and the termination of any removal proceedings against him, Salcedo Duran's appeal before this Court no longer presents a case or controversy and the appeal has become moot.

12. No exceptions to application of the mootness doctrine[2] exist herein and, as a consequence, this appeal "must be dismissed as moot [inasmuch as any] decision [rendered by the Court] will have no "effectual relief whatever to a prevailing party." *Doe v. Pulaski Cnty. Special Sch. Dist.*, 306 F.3d 616, 621 (8th Cir. 2002).

---

[2] *See*, *e.g.*, *Twin Cities Safety, LLC v. Moe*, 139 F.4th 1015, 1019-20 (8th Cir. 2025) (discussing exceptions to mootness doctrine).

For the foregoing reasons, the named Federal Government Appellees respectfully request that the Court dismiss this appeal.

Respectfully submitted,

R. Matthew Price
United States Attorney

By *\/s/ Jeffrey P. Ray*

Jeffrey P. Ray
Assistant United States Attorney
Missouri Bar No. 35632
Eighth Circuit Admission No. 95-0380

Charles Evans Whittaker Courthouse
400 East Ninth Street, Fifth Floor
Kansas City, MO 64106

ATTORNEYS FOR APPELLEES MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, THE FIELD OFFICE DIRECTOR, ENFORCEMENT AND REMOVAL OPERATIONS, CHICAGO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, and TODD BLANCHE, in his official capacity as Attorney General

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that a true and correct copy of the foregoing **MOTION OF THE FEDERAL GOVERNMENT APPELLEES TO DISMISS APPEAL FOR MOOTNESS** was electronically filed with the Clerk of the Court using the CM/ECF system on this 6th day of October, 2026, which then sent notification to following CM/ECF participant:

Jacqueline Sale
JAX LAW OFFICES
3817 S. Nova Road, Suite 104-167
Port Orange, FL 32127
info@jaxlawoffices.com

ATTORNEYS FOR APPELLANT
NELSON JULIAN SALCEDO DURAN

on this 6th day of October, 2026.

*/s/ Jeffrey P. Ray*
Jeffrey P. Ray
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE FOR THE MOTION OF THE FEDERAL GOVERNMENT APPELLEES TO DISMISS APPEAL FOR MOOTNESS

Pursuant to FED. R. APP. P. 27, 32(g), appellees Markwayne Mullin, , the Field Office Director, Enforcement and Removal Operations, Chicago Field Office, U.S. Immigration and Customs Enforcement, and Todd Blanche hereby certifies that the foregoing MOTION OF THE FEDERAL GOVERNMENT APPELLEES TO DISMISS APPEAL FOR MOOTNESS – filed with the Clerk of the Court using the CM/ECF system on this 6th day of October, 2026 – complies with the technical requirements for electronic versions of appellate motions including the type-volume limitation in that:

> The motion was prepared utilizing Word® for Microsoft Office 365 software,
>
> The electronic version of the motion is in a single document file, was scanned for viruses and was virus-free, is in Portable Document Format ("*.pdf*") and was converted to *.pdf* from the original Word® for Microsoft Office 365 file,
>
> The motion contains 578 words[3] as verified on Word® for Microsoft Office 365, and
>
> The motion was prepared utilizing 14-point or larger proportionally spaced "Times New Roman" typeface.

*/s/ Jeffrey P. Ray*
Jeffrey P. Ray
Assistant United States Attorney

[3] The word count excludes the case caption, signature lines, and certifications of counsel. FED. R. APP. P. 32(f).